UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT STACHON, Individually and as parent and natural guardian of on behalf of RLS,   )  )  ) | |
| Plaintiff,   ) ) | 2:12-CV-440-JVB-APR |
| v.   )  ) | |
| DOCK W. WOODWARD, JR., YELLOW TRANSPORTATION, YRC, INC.   )  ) | |

OPINION AND ORDER

This matter is before the court on the Joint Motion to Compel [DE 21] and the Joint Request for Summary Ruling [DE 23].  For the following reason, the motions are **GRANTED**.

This case arises from a September 15, 2012 accident involving a truck driven by the defendant, Dock Woodward, and the plaintiff, Robert Stachon, who was a pedestrian at the time of the accident.  The Lake County Police Department responded to the accident scene shortly after it occurred and proceeded to investigate it.  In the course of the investigation, the Lake County Police Department took sixty photographs of the scene using a digital camera.  The parties requested electronic copies of the photographs but the Police Department would not produce the photographs, and the parties had to purchase prints of the photographs.

The parties served a subpoena on the Police Department seeking production of the electronic photographs and the Total Station raw data collected at the scene of the accident.  A Total Station is an electronic monitoring device which uses a laser to measure precise distances.  The Police Department did not respond to the subpoena, and the parties now move to compel production of the electronic photographs and raw data.

1

Parties to a suit must accept the burden accompanying litigation.  *Charles v. Quality Carriers, Inc*., 2010 WL 396356, *1 (S.D. Ind. Jan. 28, 2010).  However, "[i]n the context of third party discovery, courts should be especially careful in protecting the parties from excessive or oppressive discovery."  *Moore v. PlasmaCare, Inc*., 2012 WL 602623, *2 (S.D. Ind. Feb. 23, 2012).  *See also Charles***,** 2010 WL 396356 at *1.  "Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Charles*, 2010 WL 396356 at *1  (quoting *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st Cir. 1998)).  When determining whether to enforce discovery, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed.  *Charles*, 2010 WL 396356 at *1.  "[R]elevance alone may not be enough to justify a subpoena, particularly given that the undue burden calculus is more protective of non-parties than it is for parties." *Charles*, 2010 WL 396356 at *1.

The parties have set forth reasons why the electronic data is necessary and the digital photographs are insufficient.  The parties stated that they need the digital photographs because the prints make it difficult for the parties to analyze the evidence due to the resolution.  If the parties had the photographs in electronic format, their experts could enlarge the images in order to see the accident evidence in greater and sharper detail.  Similarly, the electronic measurement data contains vital information about the location of various items of evidence the Police Department investigators found at the scene.

The Police Department has not responded and explained why producing the electronic data would be overly burdensome.  Rather, the information is limited to 60 photographs, all

taken on the same day, and other electronically stored information.  Because the information is limited and presumably readily available since it was digitally stored, the burden to produce the information cannot be great.  The parties cannot get the information they need from the prints they possess, making the electronic information necessary.  For this reason, the parties' motions are **GRANTED** and the Police Department is **ORDERED** to turnover the photographs of the subject accident in electronic format and all Total Station raw data in electronic format.

ENTERED this 15th day of August, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge