UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT S. STACHON and ROBERT L. STACHON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 2:12-cv-440<br>) |
| DOCK W. WOODWARD, JR., YELLOW TRANSPORTATION, AND YRC, INC., | )<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion in Limine for the Exclusion of Prejudicial and Inadmissible Matters [DE 85] filed by the plaintiff, Robert Stachon, on September 30, 2015. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

*Background*

This case arose from a motor vehicle accident that occurred on September 15, 2012. At approximately 1:55 a.m., the defendant, Dock Woodward, Jr., was driving a tractor trailer owned by the defendant, YRC, Inc., on a dark, unlit portion of Highway 41 outside Lowell, Indiana. While driving southbound on Highway 41, Woodward hit a pedestrian, Robert L. Stachon, the plaintiff. Stachon has alleged that Woodward negligently caused his injuries.

*Discussion*

First, Stachon has argued that the court should bar testimony that he had taken any illegal drugs, including LSD or acid, before the accident. He has claimed that there was no objective evidence that he had used illegal drugs and that the defendants have not disclosed any link between the accident and any drug use. Additionally, Stachon has indicated that the defendants'

accident reconstructionist, Dr. Alfred Bowles, rebuked any causal link between Stachon's drug use and the accident. Therefore, Stachon has argued that any testimony regarding drug use would be prejudicial, particularly without a causal link between any drug use and the accident.

The defendants have indicated that Stachon mischaracterized Dr. Bowles's testimony. They stated that Dr. Bowles did not rebuke any causal nexus between the accident and Stachon's drug use. Rather, he testified that he did not consider Stachon's drug use because it did not affect his findings, which focused on biomechanical issues and throw distance equations. That a biomechanical engineer did not consider Stachon's drug use when calculating throw distances is irrelevant to this issue.

The defendants also have argued that they disclosed sufficient testimony to link Stachon's drug use to the accident. First, they indicated that Stachon's father told a nurse that Stachon had taken LSD approximately four hours before the accident and that Stachon ran screaming out of the house immediately before the accident. Second, the defendants have indicated that they disclosed Dr. Michael Mosier, Stachon's treating physician, who concluded, based on his treatment, that Stachon had used drugs before the accident. The defendants have argued that Stachon's drug use was relevant to whether he contributed to the accident. They have claimed that the jury could infer that Stachon's drug use caused him to walk out in front of the truck at night while wearing black clothing. Furthermore, they have argued that expert testimony was not necessary to establish that Stachon's drug use impaired him and that his impairment contributed to the accident.

Stachon has argued that his father's statement, that he took LSD before the accident, was impermissible hearsay. It is not clear how the defendants intend to offer Stachon's father's statement. They cited the court to a medical record that included his statement. However, even

if the statement were not hearsay, the defendants also have not demonstrated that Stachon's father had personal knowledge that his son took LSD before the accident. They have not indicated whether Stachon's father saw or heard his son take LSD. Without personal knowledge, the court cannot admit Stachon's father's statement.

Stachon also has established issues with Dr. Mosier's testimony. Although the defendants have indicated that Dr. Mosier concluded that Stachon had used drugs before the accident, he testified that he was not sure whether Stachon had used drugs. Rather, he indicated that it was a possibility. Moreover, he testified that he did not know whether Stachon had used LSD, how much he had consumed, or how much remained in his system. Therefore, the defendants only have presented speculation that Stachon used LSD before the accident.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." **Federal Rules of Evidence 403**. Although the defendants have argued that a jury could infer that Stachon's drug use contributed to the accident, they have not linked any drug use sufficiently to the accident. The defendants have not presented conclusive evidence that Stachon used drugs the night of the accident or that he was intoxicated from any drug use. Admittedly, drug use could have contributed to the accident, but the defendants must present more than speculation to outweigh the obvious prejudicial effect. Therefore, this request is **GRANTED CONDITIONALLY**. The defendants may make a detailed offer of proof away from the jury if they want the court to reconsider this matter.

Second, Stachon has argued that the court should preclude testimony that he was depressed or suicidal. Similar to his argument regarding drug use, Stachon has claimed that the defendants have not linked his state of mind to the accident. Without expert testimony linking Stachon's state of mind to the accident, Stachon has argued that it would be prejudicial.

The defendants have claimed that Officer John Marshall testified that Stachon's father "basically" told him that he was depressed or upset. Additionally, they have argued that expert testimony was not necessary to link Stachon's state of mind to the accident. They have indicated that a jury could infer reasonably that Stachon's state of mind caused him to walk in front of the truck immediately before the accident. The defendants also have claimed that Stachon's depression was relevant to his damages.

The defendants only have presented Officer Marshall's testimony about Stachon's father's statement. Officer Marshall testified that Stachon's father told him his son was depressed and upset. The defendants have not indicated why the court should admit that hearsay statement. However, even if the court admitted that statement, Stachon's father testified that he did not say his son was depressed. Rather, he stated that his son was upset a few days before the accident. He indicated that Stachon had not received any counseling for depression or anxiety and that he did not believe that his son needed counseling for depression or anxiety.

Similar to Stachon's alleged drug use, the defendants have not linked his state of mind sufficiently to the accident. The defendants did not present evidence that Stachon was diagnosed with depression. Rather, they only have presented testimony that Stachon's father described him as upset before the accident. Admittedly, depression could have contributed to the accident, but the defendants only have speculated that Stachon was depressed. Without a greater showing, the danger of unfair prejudice outweighs any probative value offered by the defendants' speculation. Therefore, this request is **GRANTED**. The defendants may make a detailed offer of proof out of the hearing of the jury if they want the court to reconsider this issue.

Third, Stachon has argued that the court should preclude evidence that the defendant, Dock Woodward, incurred any losses, injuries, or damages from the accident. The defendants

have no objection to that request. Therefore, that request is **GRANTED**. The defendants are precluded from offering any testimony that Woodward incurred any losses, injuries, or damages from the accident.

Fourth, Stachon has argued that the court should exclude testimony or argument that Woodward was confronted with a sudden emergency. The sudden emergency doctrine requires the following factors:

1. The appearance of danger or peril must be so imminent that the party had no time for deliberation.
2. The situation relied upon to excuse any failure to exercise legal care must not have been created by the party's own negligence.
3. The apprehension of an emergency must be reasonable.

***Compton v. Pletch***, 561 N.E.2d 803, 807 (Ind. Ct. App. 1990). He has argued that this accident did not present an imminent danger and that Woodward's negligence contributed to the accident. Stachon has indicated that Michael Sutton, one of the defendants' experts, testified that Woodward saw Stachon over 200 feet before the accident. Additionally, he has claimed that Woodward's failure to use his high beams contributed to the accident and that the CDL manual required him to use his high beams. The defendants have indicated that Stachon did not provide the full context of Sutton's testimony. Although Sutton stated that Woodward could have seen Stachon for over 200 feet, he also testified that Woodward did not have enough time to perceive and avoid Stachon. Additionally, they have argued that Woodward did not have a legal duty to use his high beams.

Stachon has not established that the sudden emergency doctrine is inapplicable. The defendants have presented evidence that Stachon walked in front of Woodward's vehicle immediately before the collision and that Woodward might not have been able to avoid Stachon. Additionally, it is not clear whether Woodward's failure to use his high beams contributed to the

5

accident because Sutton testified that Woodward would not have been able to avoid Stachon even if he had been using his high beams.  Therefore, the court will allow the defendants to present testimony regarding the sudden emergency doctrine.  However, the defendants must establish each element of the sudden emergency doctrine at trial to support giving a sudden emergency doctrine instruction.  This request is **DENIED**.

Fifth, Stachon has requested the court to bar testimony that he could invest any money he recovered at trial.  The defendants have no objection to that request.  Therefore, that request is **GRANTED**.  The defendants cannot present testimony about Stachon's ability to invest any recovery.

Sixth, Stachon has requested the court to prohibit any testimony regarding the taxability of a verdict.  He has presented law from Indiana that the court should not instruct the jury on taxability.  However, the Seventh Circuit has established that a jury instruction on tax consequences is procedural in nature, which requires this court to use federal law in a diversity action.  *See* ***Van Bumble v. Wal-Mat Stores, Inc.***, 407 F.3d 823, 826 (7th Cir. 2005); ***Selby v. Lovecamp***, 690 F. Supp. 733, 733–38 (N.D. Ind. 1988).  Under federal law it is proper to instruct the jury that an award is not subject to federal income tax.  *See* ***Van Bumble***, 407 F.3d at 826. Therefore, this request is **DENIED**.

Seventh, Stachon has requested the court to prevent the defendants from arguing that the collision was a "mere accident," "pure accident," or an "act of God."  The defendants have indicated that they have no objection to that request.  They also have stated that they are entitled to argue that Woodward did not have time and distance to avoid the accident.  Considering the lack of an objection, this request is **GRANTED**.  However, this order does not prohibit the

defendants from arguing that Woodward did not have sufficient time or distance to avoid the collision.

Eighth, Stachon has requested the court to bar any reference to an overly litigious society, that he has attempted to play the "litigation lottery," or that he has initiated a scam or scheme to defraud a party. The defendants have no objection to this request. Therefore, this request is **GRANTED**.

Ninth, Stachon has requested the court to exclude testimony regarding any prior criminal acts committed by him or one of his witnesses without a showing outside the presence of the jury. The defendants have indicated that they were not aware of any criminal history. However, they have reserved the right to introduce evidence of criminal history within the Federal Rules of Evidence. Because Stachon has not identified a specific prior criminal act he wants the court to consider, this request is **DENIED**. The parties may submit evidence of a prior criminal act if it complies with the Federal Rules of Evidence. However, the parties are instructed to make a showing outside the presence of the jury to allow the court to make a ruling under Rule 403.

Tenth, Stachon has requested the court to prohibit evidence regarding community involvement, charitable acts, or other self-laudatory statements from the defendants. Stachon has not identified any specific evidence he wants to court to exclude and it is not clear what testimony he wants the court to bar. Therefore, this request is **DENIED**.

Eleventh, Stachon has requested the court to bar testimony of any pre-existing medical conditions. He has stated that the defendants should make a showing, outside the presence of the jury and supported by competent medical evidence, that any pre-existing condition was causally connected to his current condition. Stachon has not listed any specific pre-existing conditions. The defendants have noted that Stachon did not provide any authority for his request.

Additionally, they have indicated that they are entitled to present evidence concerning questions of fact, including whether any pre-existing conditions are connected to Stachon's alleged injuries. This request is **DENIED**. The defendants may present evidence to rebut Stachon's alleged injuries, including evidence of a pre-existing condition.

Twelfth, Stachon has requested the court to preclude any evidence of unrelated physical or mental conditions. He has not identified any specific, unrelated physical or mental conditions. The defendants have objected to this request because Stachon has not identified a specific, unrelated condition. They have indicated that they could present evidence of Stachon's pre- and post-accident conditions. Because Stachon has not identified a specific, unrelated physical or mental condition, this request is **DENIED**.

Thirteenth, Stachon has requested the court to exclude testimony that he was involved in a prior accident or that a prior accident caused any pre-existing medical conditions. Stachon has not identified any specific prior accidents or injuries that a prior accident caused. The defendants have stated that they were unaware of any prior accidents and that they did not intend to introduce evidence of any prior accidents. However, they have indicated that they could introduce evidence of pre-existing conditions to rebut Stachon's alleged injuries. Because Stachon has not identified any specific evidence he wants the court to exclude, this request is **DENIED**.

Fourteenth, Stachon has requested the court to bar any evidence of Woodward's safe driving history. The defendants have no objection to this request. Therefore, this request is **GRANTED**.

Fifteenth, Stachon has requested the court to exclude any surveillance evidence that was not disclosed before the discovery deadline. The defendants have indicated that they were

unaware of any surveillance footage and have not objected to this request. Therefore, this request is **GRANTED**.

Sixteenth, Stachon has requested the court to bar any independent medical examiner reports prepared by a defense witness because the defendants failed to disclose any reports before the discovery deadline. The defendants have indicated that they have not conducted any independent medical examinations. Therefore, this request is **GRANTED**. The defendants may not present any undisclosed, independent medical examiner reports.

Seventeenth, Stachon has requested the court to exclude any testimony that he failed to follow doctors' orders, missed treatment appointments, or failed to complete his home exercise program. He has indicated that the defendants did not disclose any expert testimony in support of their mitigation defense. Stachon has cited *Wilkinson v. Swafford*, 811 N.E.2d 374 (Ind. Ct. App. 2004) and *Sikora v. Fromm*, 782 N.E.2d 355 (Ind. Ct. App. 2002) to argue that the defendants must present expert testimony to support a mitigation defense. However, the Indiana Supreme Court abrogated each of those cases in 2006. *See Willis v. Westerfield*, 839 N.E.2d 1179, 1188 (Ind. 2006) (holding that expert testimony was not required universally to support a mitigation defense). The Court held that a mitigation defense often would require expert testimony but indicated that medical matters within common experience would not require expert testimony. *Willis*, 839 N.E.2d at 1188–89. Therefore, it held that courts should determine whether expert testimony was necessary on a case-by-case basis. *Willis*, 839 N.E.2d at 1189.

The parties have not identified any specific evidence in support of the defendants' mitigation defense. Therefore, this court cannot determine whether expert testimony is required to support that defense. The defendants have the burden to support a mitigation defense, which may require expert testimony. This court will determine whether to instruct the jury on

mitigation based on the evidence presented at trial. Therefore, this request is **DENIED**. The defendants may present evidence to support a mitigation defense, but they must meet their burden to support giving a mitigation instruction to the jury.

Eighteenth, Stachon has requested the court to exclude his medical records, "statements as to what the medical records contain[,] or statements interpreting the medical records . . . ." In his reply brief, Stachon has clarified that he wanted the court exclude the medical records themselves only and not testimony from treating physicians or experts interpreting the records. Because this request is unclear, it is **DENIED**. The parties may submit testimony interpreting the medical records but should not move to admit the entirety of Stachon's medical records.

Nineteenth, Stachon has requested the court to bar any affirmative defenses that the defendants have not raised previously. The defendants did not object to this request. Therefore, this request is **GRANTED**.

Twentieth, Stachon has requested the court to exclude any untimely expert opinions. He has not identified any expert opinions that were untimely. The defendants have stated that they disclosed all of their expert opinions within the deadlines. Because Stachon has not identified an untimely expert opinion, this request is **DENIED**.

Next, Stachon has requested the court to bar any testimony or argument related to the parties' motions in limine or the court's orders on those motions. The defendants did not object to this request. Therefore, this request is **GRANTED**.

Finally, Stachon has requested the court to prohibit the defendants from communicating any sympathy towards Stachon, unless they admit fault or negligence. Stachon has cited Indiana evidentiary rules to support this argument. *See* **Ind. Code § 34-43.5-1-1**, *et. seq.* However, the

Indiana evidentiary rules do not apply to this case. Therefore, this request is **DENIED**. The defendants may offer brief condolences to Stachon at trial.

Based on the foregoing reasons, the Motion in Limine for the Exclusion of Prejudical and Inadmissible Matters [DE 85] is **GRANTED IN PART and DENIED IN PART**.

ENTERED this 25th day of November, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge