UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT S. STACHON and ROBERT L. STACHON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 2:12-cv-440 ) |
| DOCK W. WOODWARD, JR., YELLOW TRANSPORTATION, AND YRC, INC., | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion in Limine [DE 86] filed by the defendants, Dock W. Woodward, Jr. and YRC, Inc., on September 30, 2015. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART**.

*Background*

This case arose from a motor vehicle accident that occurred on September 15, 2012. At approximately 1:55 a.m., the defendant, Dock Woodward, Jr., was driving a tractor trailer owned by the defendant, YRC, Inc., on a dark, unlit portion of Highway 41 outside Lowell, Indiana. While driving southbound on Highway 41, Woodward hit a pedestrian, Robert L. Stachon, the plaintiff. Stachon has alleged that Woodward negligently caused his injuries.

*Discussion*

First, the defendants have requested the court to exclude any evidence of Woodward's driving record. During his deposition, Woodward testified that his license was suspended once for failing to appear at a court hearing and that he was involved in one prior commercial vehicle accident where he bumped the concrete barrier in a rail yard parking lot. Woodward's license

was reinstated before this accident. Because Stachon only has claimed that Woodward was negligent on the morning of the accident, the defendants have argued that Woodward's driving record was irrelevant. Even if Woodward's driving record were relevant, the defendants have claimed that the unfair prejudice would outweigh any probative value.

Stachon has claimed that he would not offer Woodward's driving record to show that Woodward acted negligently during this matter. Rather, he would offer Woodward's driving record under **Rule 406** to show a habit of rule breaking, under **Rule 607** to attack Woodward's credibility, and under **Rule 608(b)** to show Woodward's character for untruthfulness. In support, Stachon has cited a lack of evidence that Woodward reported his license suspension and prior accident to YRC, his employer. Stachon has argued that Woodward's omissions were the building blocks in a twenty-eight year history and pattern of rule breaking conduct.

Stachon has not established a habit of rule breaking under **Rule 406**. "[B]efore a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." ***Simplex, Inc. v. Diversified Energy Sys., Inc.***, 847 F.2d 1290, 1293 (7th Cir. 1988) (citations omitted). Stachon has offered two unrelated incidents over a twenty-eight year driving history. Two isolated incidents over twenty-eight years do not even show a "tendency" to act in a given manner, let alone "semi-automatic" conduct. Moreover, the two incidents were not the result of similar conduct. One was a failure to appear in court, and the other was a single vehicle accident in a parking lot. Woodward's driving record is not admissible under **Rule 406** as evidence of a habit of rule breaking.

2

Stachon also has not demonstrated that Woodward's driving record was admissible under **Rule 608(b)**. Although Stachon has claimed that Woodward failed to disclose his suspension and accident to his employer, Stachon has not presented any evidence in support of that claim. Rather, Woodward disclosed each of those incidents during his deposition. He also testified that his employer issued a warning following the accident, which suggested that he disclosed the accident. Stachon has not established that Woodward hide the above incidents from his employer. Without evidence that Woodward concealed his driving record from his employer, his driving record does not affect his character for truthfulness.

**Rule 607** allows any party to attack a witness's credibility. Because Woodward disclosed and discussed his driving record during his deposition, it is not clear how his driving record would discount his credibility. As discussed above, Stachon has not established that Woodward omitted his driving record from his employer. Therefore, the court does not find Woodward's driving record probative to his credibility.

Woodward's driving record is irrelevant to Stachon's negligence claim, inadmissible as habit evidence, and not probative for truthfulness. Stachon's arguments are a thinly veiled attempt to circumvent the ban on character evidence under **Rule 405(a)**. Therefore, this request is **GRANTED**. Stachon is prohibited from offering evidence of Woodward's driving record.

Second, the defendants have requested the court to bar any evidence of Woodward's health conditions. Before the accident, Woodward was diagnosed with post-traumatic stress disorder and a 40% disability rating due to Agent Orange exposure during the Vietnam War. Woodward began taking sleep and depression medication after the accident to assist his post-traumatic stress disorder. Because Stachon has failed to disclose expert medical testimony linking Woodward's health conditions to the accident, the defendants have argued that his health

conditions were irrelevant to this matter. Furthermore, because the defendants have not relied on Woodward's medical conditions as a defense, they have claimed that his medical information was protected by the physician-patient privilege. Finally, they have argued that the unfair prejudice from Woodward's health conditions outweighed any probative value.

Similar to Woodward's driving record, Stachon has argued that Woodward's health conditions were admissible under **Rule 406** as habit evidence, **Rule 607** to attack his credibility, and **Rule 608(b)** as character evidence for untruthfulness. In support, Stachon has cited a lack of evidence that Woodward informed his employer about his post-traumatic stress disorder, 40% disability rating, and prescription medications. He has not provided any evidence that Woodward failed to report his medical conditions to his employer. Stachon also has claimed that Woodward failed to disclose those conditions during his driver fitness examination.

Similar to above, Stachon has not established a habit of rule breaking under **Rule 406**. He has not provided any evidence that Woodward failed to report his medical conditions to his employer. Moreover, he has not identified "semi-automatic" conduct to support habit evidence. *See Simplex*, 847 F.2d at 1293. Rather, Stachon only has speculated that Woodward failed to report his medical conditions to his employer and his examining doctor. Therefore, Woodward's medical conditions are not admissible as habit evidence under **Rule 406**.

As stated above, Stachon only has speculated that Woodward failed to disclose his medical conditions. Woodward disclosed the above medical conditions during his deposition. Without evidence that Woodward failed to report his medical conditions to his employer or his doctor, his medical records do not affect his character for truthfulness under **Rule 608(b)**. Because Woodward disclosed and discussed his medical conditions during his deposition, it is not clear how his medical conditions would discount his credibility. As discussed above,

4

Stachon has not established that Woodward omitted his health conditions from his employer or his doctor. Therefore, the court does not find Woodward's medical conditions probative to his credibility.

Because Stachon has not argued that Woodward's medical conditions contributed to this accident and the defendants have not relied on his medical conditions as a defense, Woodward's medical conditions are not relevant to this matter. Additionally, Woodward's medical conditions are not admissible as habit evidence under **Rule 406** and are not probative to his character for truthfulness under **Rule 608(b)**. Therefore, this request is **GRANTED**. Stachon is prohibited from offering Woodward's medical conditions.

Third, the defendants have requested the court to preclude evidence that the YRC tractor trailer needed a "special hauling permit" at the time of the accident. They have noted that YRC did not receive a citation for a missing permit and have claimed that a "special hauling permit" was unnecessary. Stachon did not object to this request. Therefore, this request is **GRANTED**. The parties shall not present evidence that YRC needed a "special hauling permit."

Fourth, the defendants have requested the court to exclude any evidence of Woodward's pre-accident mobile phone usage and any evidence of YRC's mobile phone usage policy. The defendants have indicated that it is undisputed that Woodward was not talking on his mobile phone at the time of the accident. However, Woodward testified and his phone records confirmed that he had a pre-accident telephone conversation that ended at least twelve minutes before the accident. Woodward also testified that he used a hands-free device to make phone calls while driving. Because it is undisputed that Woodward was not using his phone at the time of the accident, the defendants have argued that his pre-accident phone use and YRC's mobile

5

phone usage policy was irrelevant. Furthermore, they have claimed that the evidence would be highly prejudicial.

Similar to above, Stachon has argued that Woodward's pre-accident cell phone demonstrated a habit of rule breaking and a lack of truthfulness. Without citation, he has claimed that the Federal Motor Carrier Safety Administration and the United States Department of Transportation prohibited Woodward from using a cell phone. However, the defendants have indicated that the Federal Motor Carrier Safety Administration only prohibited drivers from using hand-held mobile phones. *See* **49 C.F.R. § 392.82**. Stachon has not presented any evidence that Woodward was using a hand-held phone before the accident. Rather, Woodward testified that he used a hands-free device while driving. Therefore, Woodward's pre-accident cell phone use does not demonstrate any rule breaking or a habit of rule breaking under **Rule 406**. Even if Woodward's cell phone had violated a rule, Stachon has not presented "semi-automatic" conduct to establish a habit under **Rule 406**. Rather, he only has presented evidence from a single day or incident.

Stachon also has not established that Woodward's pre-accident cell phone use showed a lack of truthfulness. Woodward testified regarding his cell phone usage, and Stachon has presented no evidence that Woodward attempted to hide his phone usage. Therefore, Stachon has not demonstrated that Woodward's pre-accident phone usage was probative for untruthfulness under **Rule 608(b)**. Moreover, it is not clear how his phone usage would affect Woodward's credibility. Woodward's pre-accident cell phone usage is not admissible as habit or character evidence. Furthermore, because it is undisputed that Woodward was not using his phone at the time of the accident and that his last phone call occurred twelve minutes before the accident, Woodward's pre-accident cell phone usage and YRC's mobile phone policy is

phone usage policy was irrelevant. Furthermore, they have claimed that the evidence would be highly prejudicial.

Similar to above, Stachon has argued that Woodward's pre-accident cell phone demonstrated a habit of rule breaking and a lack of truthfulness. Without citation, he has claimed that the Federal Motor Carrier Safety Administration and the United States Department of Transportation prohibited Woodward from using a cell phone. However, the defendants have indicated that the Federal Motor Carrier Safety Administration only prohibited drivers from using hand-held mobile phones. *See* **49 C.F.R. § 392.82**. Stachon has not presented any evidence that Woodward was using a hand-held phone before the accident. Rather, Woodward testified that he used a hands-free device while driving. Therefore, Woodward's pre-accident cell phone use does not demonstrate any rule breaking or a habit of rule breaking under **Rule 406**. Even if Woodward's cell phone had violated a rule, Stachon has not presented "semi-automatic" conduct to establish a habit under **Rule 406**. Rather, he only has presented evidence from a single day or incident.

Stachon also has not established that Woodward's pre-accident cell phone use showed a lack of truthfulness. Woodward testified regarding his cell phone usage, and Stachon has presented no evidence that Woodward attempted to hide his phone usage. Therefore, Stachon has not demonstrated that Woodward's pre-accident phone usage was probative for untruthfulness under **Rule 608(b)**. Moreover, it is not clear how his phone usage would affect Woodward's credibility. Woodward's pre-accident cell phone usage is not admissible as habit or character evidence. Furthermore, because it is undisputed that Woodward was not using his phone at the time of the accident and that his last phone call occurred twelve minutes before the accident, Woodward's pre-accident cell phone usage and YRC's mobile phone policy is

irrelevant to this matter. Therefore, this request is **GRANTED**. Stachon is prohibited from presenting evidence of Woodward's pre-accident cell phone use and YRC's mobile phone policy.

Fifth, the defendants have requested the court to bar any evidence that YRC instructed Woodward to wait to speak with the investigating officers until their representatives arrived at the scene. Sgt. George Nestrovich of the Lake County Police Department testified that Woodward gave him a basic statement of the accident and that YRC instructed Woodward to wait until their representatives arrived to discuss the accident further. Sgt. Nestrovich stated that he spoke with someone from YRC, who informed him it was their policy to have their drivers wait for representatives to arrive. He also testified that the policy did not interfere with his investigation. The defendants have argued that YRC's instruction was irrelevant to whether Woodward was negligent and unfairly prejudicial to the defendants. Stachon has argued that YRC's instruction was admissible as the non-hearsay statement of a party opponent. He did not address the defendants' argument that the statement was irrelevant or unfairly prejudicial.

Although the defendants have argued that YRC's instruction was irrelevant and unfairly prejudicial, the court disagrees. YRC's instruction is relevant to the credibility of Woodward's statements to Sgt. Nestrovich. Stachon could argue that YRC's discussion affected Woodward's account of the accident. The court agrees that Stachon could attempt to create a negative inference that Woodward and YRC had something to hide. However, it does not find that unfairly prejudicial, considering its probative value on Woodward's credibility. Therefore, this request is **DENIED**.

Sixth, the defendants have requested the court to bar Woodward's deposition testimony that the right-hand travel lane was six feet wide. The defendants have noted that the travel lane

7

was 10'10" wide. They have argued that Woodward's testimony would have no legitimate purpose, would confuse the jury, and would ridicule Woodward. Stachon has argued that Woodward's statement was admissible as the non-hearsay statement of a party opponent. He has claimed that he would use the statement during cross-examination of the defendants' accident reconstruction experts to show that they failed to consider all of the evidence. Specifically, he has claimed that the experts failed to consider the statement because it rendered their opinions indefensible. Additionally, Stachon has argued that he could use the statement to show Woodward's diminished mental state, lack of perception, or lack of decision making, if the statement was a mistake.

Stachon has indicated correctly that Woodward's statement is admissible as the non-hearsay statement of a party opponent. However, the court may exclude relevant evidence under **Rule 403**. Despite the defendants' argument, the court does not find that Woodward's statement requires exclusion under **Rule 403**. Woodward's statement is probative on his ability to perceive distances accurately and may affect the weight of his testimony. The court also does not find that his statement would confuse the jury. The jury will determine the accuracy of his statement and weigh its value accordingly. Therefore, this request is **DENIED**.

Seventh, the defendants have requested the court to exclude any evidence regarding the size and wealth of YRC, any insurance coverage, and prior settlement negotiations. Stachon has agreed that the court should exclude evidence regarding settlement negotiations. However, he has claimed that YRC had no applicable insurance coverage but was self-insured to six million dollars. The defendants have indicated that YRC had an insurance policy from Old Republic Insurance Company. Stachon has not identified an admissible purpose, such as proving agency,

8

ownership, or bias, for YRC's liability insurance. Therefore, YRC's insurance coverage is not admissible under **Rule 411**.

Stachon has argued that he could not avoid presenting the size and stature of YRC because it paid exorbitant amounts of money to its experts and it had a rapid response team that dispatched across the country. The defendants have agreed that Stachon could present evidence of the compensation paid to their experts but have argued that evidence of its size and wealth was irrelevant and unfairly prejudicial. The court disagrees with Stachon. He may present evidence of the compensation paid to the defendants' experts without identifying the size and stature of YRC. Moreover, YRC's size and wealth is irrelevant and unfairly prejudicial. Therefore, this request is **GRANTED**. Stachon is barred from presenting evidence regarding any applicable insurance coverage, YRC's size and wealth, and the parties' settlement negotiations. This order does not prevent the parties from offering evidence of any expert's compensation.

Based on the foregoing reasons, the Motion in Limine [DE 86] is **GRANTED IN PART and DENIED IN PART**.

ENTERED this 2nd day of December, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge