UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ROBERT S. STACHON and ROBERT L. STACHON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 2:12-cv-440 |
|  | ) |  |
| DOCK W. WOODWARD, JR., YELLOW TRANSPORTATION, AND YRC, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

This matter is before the court on the Motion to Bifurcate the Issues of Liability and Damages [DE 88] filed by the defendants, Dock W. Woodward, Jr. and YRC, Inc., on September 30, 2015. For the following reasons, the motion is **DENIED**.

*Background*

This case arose from a motor vehicle accident that occurred on September 15, 2012. At approximately 1:55 a.m., the defendant, Dock Woodward, Jr., was driving a tractor trailer owned by the defendant, YRC, Inc., on a dark, unlit portion of Highway 41 outside Lowell, Indiana. While driving southbound on Highway 41, Woodward hit a pedestrian, Robert L. Stachon, the plaintiff. Stachon has alleged that Woodward negligently caused his injuries.

*Discussion*

The defendants have requested the court to bifurcate the issues of liability and damages to avoid prejudice and to expedite and economize the trial. Rule 42(b) states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a

separate trial, the court must preserve any federal right to a jury trial." **Federal Rule of Civil Procedure 42(b)**. The decision to bifurcate a trial under Rule 42(b) is entirely within the trial court's discretion. *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). "Like all rules of civil procedure, this rule is applied in conjunction with Federal Rule of Civil Procedure 1, which instructs that the rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Toney v. Accor N. Am.*, 2010 WL 2162626, at *1 (N.D. Ind. May 27, 2010) (citation and internal quotation marks omitted). First, the court must determine whether separate trials would avoid prejudice to a party or promote judicial economy. *Balzer v. Am. Family Ins. Co.*, 2009 WL 1543524, at *2 (N.D. Ind. June 2, 2009). Then it must decide whether bifurcation would prejudice a party unfairly. *Balzer*, 2009 WL 1543524 at *2. Finally, bifurcation must not violate the Seventh Amendment. *Balzer*, 2009 WL 1543524 at *2 (citing *Houseman*, 171 F.3d at 1121). The moving party has the burden to demonstrate that bifurcation would support judicial economy and not prejudice any parties. *Toney*, 2010 WL 2162626 at *1 (citations omitted).

First, the defendants have argued that separating liability and damages would avoid prejudice to them. They have claimed that Stachon's serious injuries could sway the jury by sympathy to decide the liability issue in his favor. They have cited non-binding, persuasive authority from district courts outside this circuit to argue that potential sympathetic jurors warranted bifurcation. *E.g.*, *McKellar v. Clark Equip. Co.*, 101 F.R.D. 93, 95 (D. Me. 1984); *Zofcin v. Dean*, 144 F.R.D. 203, 205 (S.D.N.Y. 1992). The defendants have stated that bifurcation would prevent the jury from deciding the liability issue based on sympathy or an emotional response from Stachon's injuries.

Next, the defendants have stated that separation would be more convenient for witnesses. The defendants have indicated that Stachon disclosed twenty-nine damages witnesses, which could require over a week of testimony, compared to six liability witnesses. The defendants have noted that they would call at least eight liability witnesses, including witnesses from out of state. Rather than requiring their witnesses to remain on call for days, the defendants have argued that bifurcation would provide a more definitive timeline. Moreover, they have claimed that Stachon's liability witnesses, besides himself, would not testify regarding damages. Therefore, they have argued that bifurcation would not inconvenience his witnesses by requiring them to appear twice.

Finally, the defendants have argued that bifurcation would promote expedience and economy. The defendants have claimed that they were likely to prevail on liability, which would moot a second trial on damages. However, they have indicated that separation would not waste time given the lack of duplicative witnesses and evidence. They have stated that the same jury could hear testimony on damages immediately after deciding the liability issue, if necessary.

Although the defendants have argued that evidence of Stachon's injuries would prejudice them through jury sympathy, they only have speculated that the testimony would cause prejudice. Mere speculation is insufficient to warrant a separate trial. **Balzer**, 2009 WL 1543524 at *3 (citations omitted). Moreover, the court could temper any prejudice based on juror sympathy with cautionary warnings, limiting instructions, special verdict forms, or other jury instructions. See **Real v. Bunn-O-Matic Corp.**, 195 F.R.D. 618, 621 (N.D. Ill. 2000) (noting that the court could temper any prejudice from jury confusion through the above methods). The court believes that a jury can decide the liability issue in this case based on its merits, rather than being swayed by Stachon's serious injuries or sympathy.

The court agrees that bifurcation would be more convenient for the defendants' witnesses. However, it also would be less convenient for Stachon's witnesses. Although Stachon's witnesses might not need to testify during both the liability and damages portions of a separated trial, bifurcation would simply switch scheduling issues from the defendants' witnesses to Stachon's damages witnesses. As the moving party, the defendants have the burden to demonstrate that bifurcation is appropriate. Making a trial less convenient for the non-moving party does not fulfill that burden.

Finally, the court is not convinced that the defendants will prevail on liability. This case involves a number of factual disputes, including competing expert opinions. The defendants cannot assume that they will prevail and relieve the court of the damages portion of the trial. Therefore, holding a single trial best serves judicial economy. Although the defendants may prevail on liability, the court does not find that the defendants' possibility of success warrants bifurcation. Because the defendants have not demonstrated prejudice or promotion of judicial economy, the court does not need to address the possibility of a Seventh Amendment violation.

For the foregoing reasons, the Motion to Bifurcate the Issues of Liability and Damages [DE 88] is **DENIED**.

ENTERED this 2nd day of December, 2015.

/s/ Andrew P. Rodovich  
United States Magistrate Judge